JAMIE K. SERB (WSBA No. 62065)
jamie@crosnerlegal.com
**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
*Attorneys for Plaintiff Robert Lohuis*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ROBERT LOHUIS, individually and on behalf of all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON POTATO COMPANY; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>**1. Failure to Compensate for Noncompliant Meal and Rest Periods (RCW 49.12; WAC 296-126-092)**<br>**2. Failure to Pay Minimum Wages (RCW 49.46, *et seq.*)**<br>**3. Failure to Pay Overtime Wages**<br>**4. Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Robert Lohuis ("Plaintiff"), by and through the undersigned attorneys, individually and on behalf of all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a proposed wage-and-hour collective and class action brought under the Washington Industrial Welfare Act ("IWA"), the Washington Minimum Wage Act ("MWA"), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, seeking injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to pay all owed minimum wages; failure to pay all owed overtime wages; and failure to compensate Plaintiff and similarly situated employees for all hours worked in violation of the FLSA.

## JURISDICTION & VENUE

2. This Court has original subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as those claims arise under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's Washington state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

4. Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district - specifically, at Defendants' commercial food processing facility located in Pasco, Washington, which is situated within Franklin County in the Eastern District of Washington - and because Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

5. Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff worked for Defendants as a Forklift Driver, Forklift Instructor, Safety Auditor, and/or similar job titles/positions from approximately September, 2023 through October 9, 2025.

6. Defendant, Washington Potato Company ("Defendants" or "Washington Potato Company"), is a Washington company doing business in the State of Washington. Defendants own, operate, manage, and/or staff employees to work at commercial food processing and packaging facilities in Washington State, including a facility in Pasco, Washington. Defendants operate a large-scale commercial potato and vegetable processing business that includes the processing, packaging, grading, freezing, and distribution of food products. Through their business operations, Defendants transact business within the Eastern District of Washington and throughout Washington State. At all relevant times, Defendants



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, and, based on information and belief, grossed more than $500,000 in each of the last three calendar years.

7. Additional individuals, known to Defendant Washington Potato Company but not yet identified by Plaintiff (and identified herein as Does 1-20), manage employees on behalf of Washington Potato Company and are statutory employers under Washington law because of their managerial role with the company. Does 1–20 are also "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), to the extent they acted directly or indirectly in the interest of Washington Potato Company in relation to Plaintiff and the FLSA Class.

**CLASS ALLEGATIONS**

8. Plaintiff brings the Washington state law claims in this action on behalf of Plaintiff, and all others similarly situated as a proposed class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent is defined as follows:

> Class Members: All current and former non-exempt, hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Complaint through the date of the Court's order certifying the Class ("Class Period").

9. Plaintiff additionally brings the FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated individuals employed by Defendants as non-exempt employees in the United States at any time within three years prior to the filing of this Complaint ("FLSA Class"). Plaintiff's Consent to Sue pursuant to 29 U.S.C. § 216(b), signed June 1, 2026, is attached hereto as **Exhibit 1**. Other FLSA Class members may sign Consent to Sue forms and join as opt-in plaintiffs in this action in the future.

10. Plaintiff reserves the right to amend or modify the class and collective descriptions with greater specificity, by division into further subclasses, or by limitation to particular issues.

11. There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and the FLSA regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members of the Class and the FLSA Class are so numerous that joinder of all members is impractical.

12. Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative class; (2) Plaintiff's claims stem



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

from the same practice or course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

13. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

14. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a. Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiff and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

respite of a meal and/or rest period;

b. Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing their locations and permitting or requiring Plaintiff and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;

c. Whether Defendants maintained an adequate system for scheduling Plaintiff's and Class Members' rest periods;

d. Whether Defendants maintained an adequate system for ensuring that Plaintiff and Class Members could take timely meal and/or rest periods;

e. Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f. Whether Defendants have insufficient record-keeping on a systemic level;

g. Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050 and 49.52.070;



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

h. Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiff and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i. Whether Defendants violated the FLSA by failing to compensate Plaintiff and FLSA Class members for all hours worked, including time worked off-the-clock before clocking in due to Defendants' clock-in restriction policy and time worked during auto-deducted meal periods that were interrupted, shortened, or missed entirely;

j. Whether Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a);

k. Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

l. The nature and extent of class-wide and collective damages and the measure of damages for the Class and the FLSA Class.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

15. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

16. Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

17. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

## FACTUAL BACKGROUND

18. During the Class Period, Plaintiff and each of the Class Members worked for Defendants in the State of Washington.

19. Defendants assigned Plaintiff to work at Defendants' commercial food processing facility located in Pasco, Washington.

20. Throughout Plaintiff's employment, Plaintiff typically worked shifts lasting at least approximately eight (8) to twelve (12) hours long. At times, Plaintiff worked more than forty (40) hours in a workweek.

21. Defendants compensated Plaintiff with a base hourly rate for time counted by Defendants as hours worked. At times, Plaintiff was compensated with a base hourly rate of approximately $20.40 to $21.69 per hour. At times, Defendants also compensated Plaintiff with non-discretionary pay (e.g. shift differential pay).

### Meal and Rest Period Violations

22. Washington law demands that employees be allowed a meal period of at least thirty minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a 10-minute rest break every four hours. WAC 296-126-092(1)–(4).

23. Defendants routinely failed to provide compliant meal and rest periods



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

for employees in Washington State. Hourly employees, including Plaintiff, often worked through required breaks, were forced to take them late, or were not given them at all.

24. For example, Plaintiff was often forced to take a meal period after working more than five hours. Based on information and belief, Plaintiff was required to take a late meal period - after the fifth hour of work - on one or more days during the workweeks beginning on or about April 15, 2024; October 14, 2024; and July 21, 2025.

25. Class Members were also sometimes required to take shortened meal periods due to the need to complete assigned job duties and/or because they were required to return to work by a particular time and had to end their meal period before 30 minutes elapsed.

26. For example, Plaintiff was often forced to cut his meal periods short/take meal periods that were less than thirty (30) minutes long because he had to complete assigned job duties. Based on information and belief, Plaintiff was required to take shortened meal periods of less than thirty (30) minutes on one or more days during the workweeks beginning on or about October 14, 2024; August 4, 2025; and August 11, 2025.

27. Plaintiff and Class Members were also sometimes required to work during meal breaks. For example, Plaintiff was frequently required to work during



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

meal periods and/or take interrupted meal periods due to the need to complete assigned job duties. Based on information and belief, Plaintiff was required to work during part or all of his meal period on one or more days during the workweeks beginning on or about April 15, 2024; July 21, 2025; and August 11, 2025.

28. Rather than record when meal periods were actually taken, Defendants deducted at least thirty (30) minutes from employees' recorded hours each shift, even when a compliant meal period was not actually provided. For example, Defendants' time records show that on January 2, 2024, Plaintiff clocked in at 15:23 and clocked out at 23:35, a raw span of eight (8) hours and twelve (12) minutes, yet Defendants recorded only 7.70 hours - a uniform thirty-minute reduction with no corresponding meal period clock-in or clock-out. Similarly, on January 22, 2024, Plaintiff clocked in at 19:24 and clocked out at 06:01 the following morning, a raw span of ten (10) hours and thirty-seven (37) minutes, yet Defendants recorded only 10.12 hours - again reflecting a thirty-minute deduction with no contemporaneous meal break records. Based on information and belief, Plaintiff was required to work during part or all of his meal period - and Defendants nonetheless deducted thirty (30) minutes from his recorded hours for a meal period that was less than thirty minutes and/or not provided at all - on one or more days during the workweeks beginning on or about April 15, 2024; October 14, 2024; July 21, 2025; August 4, 2025; and August 11, 2025.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

29. Based on information and belief, Class Members sometimes completed off-the-clock work prior to their scheduled shift times which Defendants failed to take into account when scheduling meal periods. For example, based on information and belief, Defendants maintained a policy restricting employees from clocking in prior to a set number of minutes before their scheduled shift start time, however, Defendants scheduled any meal periods based on recorded clock-in times rather than the actual start of work, which sometimes resulted in meal periods that were provided later than the fifth hour of work.

30. When Plaintiff worked three or more hours beyond Plaintiff's normal workday, Plaintiff did not receive a second meal period.

31. Specifically, Plaintiff sometimes worked shifts lasting longer than eleven (11) hours without being provided with any second meal period. For example, Defendants' time records show that on April 19, 2024, Plaintiff clocked in at 19:25 and clocked out at 07:07 the following morning, working a total of approximately eleven (11) hours and forty-two (42) minutes. Defendants' records reflect only a single thirty (30)-minute deduction for this shift, with no second meal period reflected. Similarly, on October 22, 2024, Plaintiff clocked in at 19:24 and clocked out at 07:03 the following morning, working a total of approximately eleven (11) hours and thirty-nine (39) minutes, yet Defendants' records again reflect only a single thirty (30)-minute deduction with no second meal period reflected.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

32. Based on information and belief, Plaintiff was denied a compliant meal period on one or more days contained in workweeks beginning on or about: April 15, 2024; October 14, 2024; July 21, 2025; August 4, 2025; and August 11, 2025.

33. Defendants did not compensate Plaintiff and Class Members with an additional thirty minutes of work time for instances in which they were not provided required, timely 30-minute uninterrupted meal periods.

34. Plaintiff and other Class Members were also at times denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten minutes long. Plaintiff was not provided with an off-duty rest period of at least ten (10) minutes for every four (4) hours worked, and Plaintiff was often required to work more than three (3) consecutive hours without a compliant rest break.

35. For example, based on information and belief, Plaintiff was denied one or more compliant rest periods during days contained in workweeks beginning on: April 15, 2024; October 14, 2024; July 21, 2025; August 4, 2025; August 11, 2025; and August 18, 2025.

36. Defendants maintained no formal or reliable system for scheduling, tracking, or ensuring compliant rest periods.

37. Defendants failed to compensate Plaintiff for each missed or otherwise legally noncompliant rest period.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

38. Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiff and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

39. Defendants' violations were willful and not a result of inadvertence or carelessness.

40. There was no bona fide dispute regarding the payment of wages.

**Failure to Pay Minimum and Overtime Wages**

41. Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break, resulting in the deprivation of wages owed, in violation of Washington law, including but not limited to, the MWA.

42. Based on information and belief, at times, Defendants required Plaintiff and other Class Members to complete work tasks prior to clocking in for the start of shifts, after clocking out for the end of shifts, during unpaid meal periods and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

43. For example, and as described above, based on information and belief, Defendants maintained a policy restricting employees from clocking in prior to a set



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

number of minutes before their scheduled start time, resulting in employees being unable to record - and Defendants' failure to compensate Plaintiff and other Class Members for - compensable time worked prior to clocking in. Based on information and belief, Plaintiff completed uncompensated pre-shift off-the-clock work as a result of this policy on one or more days during the workweeks beginning on or about April 15, 2024; October 14, 2024; and August 18, 2025.

44. As described above, Defendants required Plaintiff and other Class Members to complete work tasks during meal periods which were not recorded, resulting in Defendants' failure to compensate them for all hours worked. Based on information and belief, Plaintiff was required to complete uncompensated work during his meal period on one or more days during the workweeks beginning on or about April 15, 2024; July 21, 2025; and August 4, 2025.

45. For example, as described herein, based on information and belief, Defendants frequently deducted at least thirty (30) minutes from Plaintiff's and other Class Members' total hours worked each shift for purported meal periods that were interrupted, less than thirty minutes and/or worked through completely, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed. Based on information and belief, Defendants applied this auto-deduction practice to Plaintiff's recorded hours on one or more days during the workweeks beginning on or about October 14, 2024; August 4, 2025; and August



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

11, 2025.

46. Additionally, because of off-the-clock work and the improper timekeeping as to the beginning and end of meal periods, Plaintiff and other Class Members at times worked more than forty hours per week for which they were not paid overtime compensation. Based on information and belief, Plaintiff worked in excess of forty (40) hours in one or more workweeks — including but not limited to the workweeks beginning on or about April 15, 2024 and October 14, 2024 — due to uncompensated pre-shift work and uncompensated work performed during auto-deducted meal periods, yet did not receive overtime compensation for all such excess hours.

47. Based on information and belief, Defendants sometimes compensated Class Members with shift differential pay and/or other non-discretionary pay during periods in which the Class Members worked overtime, yet Defendants did not incorporate all non-discretionary compensation into the rate of pay used to calculate the owed overtime rate, resulting in the miscalculation of the owed overtime rate and the underpayment of overtime wages owed. For example, Defendants' payroll records reflect that Plaintiff earned shift differential pay as a regular component of his compensation throughout his employment. Based on information and belief, Plaintiff earned both overtime wages and shift differential pay during the same workweeks, including but not limited to the workweeks beginning on or about April



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

15, 2024 and/or October 14, 2024, yet Defendants failed to incorporate Plaintiff's shift differential into the regular rate of pay used to calculate the overtime premium owed during those workweeks.

48. At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiff and other Class Members as required by RCW 49.46.070.

**FIRST CAUSE OF ACTION**
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiff and Class Members**

49. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

50. Under *Wingert v. Yellow Freight Sys., Inc.,* 146 Wn.2d 841, 847–51, 50 P.3d 256, 259–61 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

51. WAC 296-126-092(1) requires that employees receive a 30-minute meal period commencing no sooner than the second hour and no later than the fifth hour of the shift, and that no employee may work more than five consecutive hours without a meal period. Meal periods must be on the employer's time if the employee is required to remain on duty or on the premises.

52. WAC 296-126-092(4) requires that employees receive a 10-minute



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

paid rest break for each four hours of work, scheduled as near as possible to the midpoint of the work period, and prohibits requiring employees to work more than three consecutive hours without a rest break.

53. "On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847–51, 50 P.3d at 259–61. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.,* 164 Wn. App. 668, 690–93, 267 P.3d 383 (2011), and for missed rest breaks*, Chavez v. Our Lady of Lourdes Hosp. at Pasco,* 190 Wn.2d 507, 523–24, 415 P.3d 224, 230–31 (2018).

54. Most recently, the Washington Court of Appeals confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 430, 556 P.3d 714, 723 (2024), review denied, 4 Wash. 3d 1007, 563 P.3d 448 (2025). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.,* 175 Wn.2d 822, 832, 287 P.3d 516, 521 (2012).

55. Defendants failed to provide Plaintiff and Class Members with rest periods at required times and 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

56. Defendants failed to compensate Plaintiff for these missed or otherwise legally noncompliant meal and rest periods.

57. Defendants maintained no policy or practice to ensure actual 30-minute breaks were taken for meals. Based on information and belief, at times, Defendants engaged in unauthorized time editing / time shaving and/or deducted at least thirty (30) minutes per shift for meal periods that were less than a full thirty minutes and/or otherwise noncompliant.

58. As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of all owed wages for all missed or otherwise noncompliant meal periods and rest periods, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wages**
**RCW 49.46, *et seq.***
**On Behalf of Plaintiff and Class Members**

59. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

60. Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("MWA"), RCW 49.46 *et seq*. If an employer fails to do so, the statute requires payment of the full



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

amount of wages owed at the minimum wage rate, less any amounts already paid.

61. Defendants failed to pay Plaintiff and Class Members for all hours worked.

62. Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.

63. Additionally, Defendants required Plaintiff and Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiff and Class Members for all work time.

64. Defendants also deprived Plaintiff and other Class Members of earned wages by failing to incorporate all non-discretionary pay into the normal hourly compensation used to calculate the owed sick leave/PTO, resulting in the deprivation of wages owed in violation of the MWA.

65. For example, based on information and belief, Plaintiff used paid sick leave during pay periods in which shift differential was also a regular part of his normal compensation, including pay periods containing the following dates: November 1, 2024; March 12, 2025; April 15, 2025; and August 16, 2025, and Defendants failed to incorporate shift differential into the rate used to calculate



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiff's sick leave pay during those pay periods, resulting in sick leave wages paid below Plaintiff's normal hourly compensation in violation of the MWA.

66. Based on information and belief, at times, Defendants engaged in unauthorized time editing resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

67. As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
## Failure to Pay Overtime Wages
## On Behalf of Plaintiff and Class Members

68. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

69. The MWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

70. The MWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Sec., Inc.,* 162



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Wn.2d 42, 47, 169 P.3d 473, 475 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id.* (citing WAC 296-126-002(8)).

71. As set forth above, during workweeks in which Plaintiff and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated the MWA by failing to pay Plaintiff and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n*, 175 Wn.2d at 832. Based on information and belief, Plaintiff worked in excess of forty (40) hours without proper overtime compensation during the workweeks beginning on or about April 15, 2024 and October 14, 2024, as described above.

72. Based on information and belief, Defendants sometimes failed to incorporate all non-discretionary compensation into the regular rate of pay for purposes of calculating the owed overtime rates of pay, resulting in the miscalculation of the owed overtime rates and the underpayment of overtime wages owed. Based on information and belief, this miscalculation affected Plaintiff during the workweeks beginning on or about April 15, 2024 and October 14, 2024.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

73. Based on information and belief, Defendants also failed to pay and/or properly accrue all owed sick leave/paid time off wages, resulting in the deprivation of wages owed, including but not limited to, overtime wages in violation of the MWA. For example, as explained herein, in violation of RCW 49.46.210, Defendants failed to properly accrue all owed sick leave wages by failing to incorporate all non-discretionary compensation, including but not limited to, shift differential pay, when calculating the owed sick leave rate, which resulted in the miscalculation of the owed sick leave rate and the deprivation of overtime wages owed during those pay periods in which Class Members worked more than forty (40) hours in a workweek. Based on information and belief, this failure affected Plaintiff during pay periods containing the following dates: November 1, 2024; March 12, 2025; April 15, 2025; and August 16, 2025.

74. As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of overtime wages owed, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

**FOURTH CAUSE OF ACTION**
**Collective Action Claim - Fair Labor Standards Act**
**29 U.S.C. §§ 206, 207, 216(b)**
**On Behalf of Plaintiff and the FLSA Class**

75. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

76. Plaintiff brings this claim under the FLSA, 29 U.S.C. § 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

77. Plaintiff brings this FLSA claim on behalf of himself and all similarly situated individuals employed by Defendants as non-exempt employees in the United States at any time within three years prior to the filing of this Complaint ("FLSA Class"). Attached hereto as **Exhibit 1** is Plaintiff's Consent to Sue pursuant to 29 U.S.C. § 216(b), signed June 1, 2026. Other FLSA Class members may sign Consent to Sue forms and join as opt-in plaintiffs on this claim in the future.

78. At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, and, based on information and belief, grossed more than $500,000 in each of the last three calendar years.

79. Plaintiff and the FLSA Class are or were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

80. The FLSA requires each covered employer to compensate all non-exempt employees for all hours worked and to pay overtime at a rate of no less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek. 29 U.S.C. §§ 206–207.

81. As alleged above, in violation of 29 U.S.C. § 206, Defendants failed to compensate Plaintiff and the FLSA Class members for all hours worked at the applicable minimum wage rate. Specifically, Defendants' off-the-clock policies and practices deprived Plaintiff and the FLSA Class of wages for compensable time, including but not limited to:

a. Time worked during meal periods that were interrupted, shortened to less than thirty (30) minutes, or missed entirely, for which Defendants automatically deducted thirty (30) minutes from recorded hours without providing a compliant meal period. Defendants had actual and/or constructive knowledge that Plaintiff and FLSA Class members were regularly performing work during these purported meal periods due to job demands and Defendants' understaffing, yet Defendants failed to compensate them for this time. For example, on January 2, 2024, Defendants' records reflect a raw span of eight (8) hours and twelve (12) minutes yet recorded only 7.70 hours — a uniform thirty-minute auto-deduction with no corresponding meal period clock-in or clock-out. Similarly, on January 22, 2024, Defendants' records reflect a raw span of ten (10) hours and thirty-seven (37) minutes yet recorded only 10.12



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

hours — again reflecting a thirty-minute auto-deduction with no contemporaneous meal break records. Based on information and belief, Plaintiff was required to work during part or all of his meal period while Defendants nonetheless applied the same auto-deduction on one or more days during the workweeks beginning on or about January 1, 2024; January 22, 2024; April 15, 2024; October 14, 2024; July 21, 2025; August 4, 2025; and August 11, 2025; and

b. Time worked off-the-clock before clocking in, due to Defendants' policy restricting employees from clocking in prior to a set number of minutes before their scheduled shift start time. Defendants required or suffered and permitted Plaintiff and FLSA Class members to perform compensable work before the permitted clock-in time, yet failed to compensate them for this pre-shift work time. Based on information and belief, Plaintiff performed uncompensated pre-shift work as a result of this policy on one or more days during the workweeks beginning on or about April 15, 2024; October 14, 2024; and August 18, 2025.

82. As alleged above, in violation of 29 U.S.C. § 207, Defendants failed to pay Plaintiff and the FLSA Class members at the lawful overtime rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. Because of the off-the-clock work described above - including uncompensated time worked during auto-deducted meal periods and uncompensated pre-shift work - Plaintiff and FLSA Class members regularly worked in excess of



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

forty (40) hours in a workweek without receiving proper overtime compensation for those excess hours.

83. For example, based on information and belief, during the workweek beginning on or about April 15, 2024, Plaintiff worked a shift on April 19, 2024 in which he clocked in at 19:25 and clocked out at 07:07 the following morning — a raw span of approximately eleven (11) hours and forty-two (42) minutes — and, when combined with uncompensated pre-shift work and uncompensated time worked during auto-deducted meal periods during that workweek, Plaintiff worked in excess of forty (40) hours for which he did not receive proper overtime compensation. Similarly, based on information and belief, during the workweek beginning on or about October 14, 2024, Plaintiff worked a shift on October 22, 2024 in which he clocked in at 19:24 and clocked out at 07:03 the following morning — a raw span of approximately eleven (11) hours and thirty-nine (39) minutes — and, when combined with uncompensated pre-shift work and uncompensated time worked during auto-deducted meal periods during that workweek, Plaintiff worked in excess of forty (40) hours for which he did not receive proper overtime compensation.

84. Additionally, based on information and belief, Defendants failed to incorporate all non-discretionary compensation - including but not limited to shift differential pay and/or other non-discretionary pay - into the regular rate of pay used



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

to calculate the overtime rate owed to Plaintiff and FLSA Class members who worked more than forty (40) hours in a workweek, in further violation of 29 U.S.C. § 207, resulting in the miscalculation and underpayment of overtime wages. Based on information and belief, Plaintiff earned shift differential pay as a regular component of his compensation in 2024, yet Defendants calculated Plaintiff's overtime premium based solely on his base hourly rate, excluding shift differential entirely. Accordingly, Defendants failed to incorporate Plaintiff's shift differential into the regular rate of pay for purposes of calculating the overtime premium owed during workweeks in which Plaintiff worked overtime hours and earned shift differential pay, including but not limited to the workweeks beginning on or about April 15, 2024 and October 14, 2024.

85. Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Class. Defendants knew, or showed reckless disregard for the fact, that Plaintiff and members of the FLSA Class were performing work without proper minimum wage and overtime compensation. This conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and the three-year statute of limitations therefore applies.

86. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Class members are entitled to recover all unpaid minimum wages and



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

overtime wages, liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b), pre-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

87. Plaintiff, on behalf of himself and the FLSA Class, also seeks recovery of attorneys' fees and costs of suit as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff, Class Members, and the FLSA Class, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class periods defined above;

B. An Order that Plaintiff's FLSA claim may proceed as a collective action pursuant to 29 U.S.C. § 216(b), and directing the issuance of Court-approved notice to all similarly situated members of the FLSA Class with instructions permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C. An award of damages to Plaintiff and Class Members in the amount of their missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

D. An award of all unpaid minimum wages and overtime wages to Plaintiff



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

and the FLSA Class members pursuant to the FLSA, 29 U.S.C. § 216(b);

E. An award of liquidated damages to Plaintiff and the FLSA Class members in an amount equal to the unpaid wages found due, pursuant to the FLSA, 29 U.S.C. § 216(b);

F. Exemplary damages in amounts equal to double the wages due to Plaintiff and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

G. Attorneys' fees and costs, as allowed by law, including 29 U.S.C. § 216(b), RCW 49.46.090(1), 49.48.030, and 49.52.070;

H. Prejudgment interest; and

I. All other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

**CROSNER LEGAL, PC**

By: ______________________

Jamie K. Serb (WSBA No. 62065)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
Attorneys for Plaintiff,
Robert Lohuis

# EXHIBIT 1

# CONSENT TO JOIN COLLECTIVE ACTION AGAINST WASHINGTON POTATO COMPANY

*Robert Lohuis v. Washington Potato Company*

Name: Robert Lohuis______________________________

1. I hereby consent to join the collective action against Washington Potato Company ("Washington Potato") to pursue my claims of unpaid wages during the time I worked for Washington Potato.

2. I understand that these claims are alleged under the Fair Labor Standards Act ("FLSA"), and I consent to be bound by the Court's decision with respect to the FLSA claims alleged in the Lawsuit.

3. I confirm that I have worked for Washington Potato at some point within the past three (3) years as an hourly paid, non-exempt employee of Washington Potato in the State of Washington.

4. I confirm that I was not paid all wages owed, specifically: (1) time worked during meal periods that were interrupted, shortened to less than thirty (30) minutes, or missed entirely, for which Washington Potato Company automatically deducted thirty (30) minutes from recorded hours without providing a compliant meal period, resulting in Washington Potato Company's failure to compensate me for all hours worked and the underpayment of wages owed, including overtime wages when I worked more than forty (40) hours in a workweek; (2) time worked off-the-clock before clocking in and/or during unpaid meal periods due to Washington Potato Company's timekeeping policies and job demands, for which I was not compensated, including overtime wages owed for workweeks in which such uncompensated time caused my total hours worked to exceed forty (40) hours.

5. I designate the law firm Crosner Legal, P.C. ("Plaintiff's Counsel") as my attorneys to prosecute my FLSA claims.

6. I consent to being a party Plaintiff and having Plaintiff's Counsel make all decisions regarding the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all plaintiffs. I understand that Plaintiff's counsel will petition the Court for reasonable attorneys' fees from any settlement or judgment obtained in the Lawsuit.

7. If needed, I authorize Plaintiff's Counsel to use this consent to re-file my claim in a separate lawsuit or arbitration against Washington Potato Company or its affiliated entities.

[signature] 06 / 01 / 2026

Signature Date Signed

Robert Lohuis [redacted]

Full Legal Name (Print) Email Address*

[redacted] [redacted]

Street Address* City/State/Zip

[redacted] [redacted]

Home Phone Number* Cell Phone Number*

*This information will be redacted and will not be filed in the public record. This information will be solely used by Plaintiff's Counsel to communicate with you.